UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | | |
| | **Plaintiff,** | |
| vs. | | 5:22-CV-463 (MAD/TWD) |
| COLLEEN MCMAHON, | | |
| | **Defendant.** | |

_____

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | | |
| | **Plaintiff,** | |
| vs. | | 5:22-CV-464 (MAD/TWD) |
| SHAWN RUSIN, | | |
| | **Defendant.** | |

_____

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | | |
| | **Plaintiff,** | |
| vs. | | 5:22-CV-465 (MAD/TWD) |
| DAVID E. POWELL, | | |
| | **Defendant.** | |

_____

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | | |
| | **Plaintiff,** | |
| vs. | | 5:22-CV-466 (MAD/TWD) |
| NEW YORK STATE DIVISION OF HUMAN RIGHTS, | | |
| | **Defendant.** | |

_____

| | | |
|---|---|---|
| ROBERT W. JOHNSON, | | |
| | **Plaintiff,** | |
| vs. | | 5:22-CV-467 (MAD/TWD) |
| VERA HOUSE, INC. and MARCUS OF VERA HOUSE, INC., | | |
| | **Defendants.** | |

_____

APPEARANCES:                                                    OF COUNSEL:

**ROBERT W. JOHNSON**
112 Court Street
Apt. 2
Watertown, New York 13601
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

     Plaintiff, proceeding *pro se*, commenced the five above-captioned actions on April 26, 2022.¹ In a Report-Recommendation and Order dated May 10, 2022, Magistrate Judge Dancks granted Plaintiff's applications to proceed *in forma pauperis* and conducted an initial review of each of the complaints. *See* Dkt. No. 4. In her Report-Recommendation and Order, Magistrate Judge Dancks recommended that the Court dismiss each of these actions as frivolous, without leave to amend. *See id.* In addition to noting the various deficiencies in each of the complaints, Magistrate Judge Dancks also noted Plaintiff's extensive history of filing frivolous and malicious lawsuits, resulting in numerous bar orders/filing injunctions being issued against Plaintiff. *See id.* at 3-4. In each of the pending cases, Plaintiff has filed "objections" to the Report-Recommendation and Order. *See* Dkt. No. 6. In each "objection," Plaintiff states as follows: "I, Robert W. Johnson, objects to all alleged findings of facts for R&R and all other injunctions as all defendants are bribing and abusing all resources for legal liabilities and Robert W. Johnson requests judicial probes and prosecutions." *Id.* at 1.

     Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) ... the court shall dismiss the case at any time if the court determines that-- ... (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a

---

¹ Between April 26, 2022, and May 5, 2022, Plaintiff filed forty-seven (47) *pro se* civil rights actions in this District.

*pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that each of Plaintiff's complaints should be dismissed without leave to amend. Plaintiff's complaints consist of purported "appeals" from decisions and/or orders recently issued by the United States District Court for the Southern District of New York and District of Connecticut. Plaintiff is subject to bar orders/filing injunctions in the Southern District of New York and District of Connecticut and Plaintiff cannot circumvent those bar orders/filing injunctions by "appealing" decisions of those courts to this Court. Any such appeals from decisions of those courts would only properly be filed in the Second Circuit Court of Appeals.

Additionally, in case number 5:22-cv-463, the only named Defendant is Colleen McMahon, Chief United States District Judge of the Southern District of New York, claiming that she "abused her immunities" and denied Plaintiff unspecified relief. As Magistrate Judge Dancks correctly determined, this action is barred by absolute judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Finally, the Court finds that Magistrate Judge Dancks correctly determined that, despite his *pro se* status, Plaintiff's complaints should be dismissed without leave to amend, since the problem with Plaintiff's complaints are substantive and cannot be cured with better pleading. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' May 10, 2022 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's complaints in the five (5) above-captioned actions are **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close these cases; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 12, 2022
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge